## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER YERSHOV, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-13112-FDS |
| *Plaintiff*, | Hon. F. Dennis Saylor IV |
| v. | |
| GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a USA TODAY, a Delaware corporation, | |
| *Defendant*. | |

## PLAINTIFF'S OPPOSITION TO
## MOTION TO CONTINUE STATUS CONFERENCE

Defendant Gannett Satellite Information Network, Inc.'s request to continue the status hearing set for May 16, 2016 (Dkt. 38) should be denied. In support, Plaintiff states:

1.      Gannett does not contend, nor could it, that this Court lacks the authority to hold a status hearing in light of the fact that the Court of Appeals has yet to issue a formal mandate. *See, e.g.*, *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976) (per curiam) (holding that district court could grant or deny relief under Rule 60(b) before Supreme Court mandate issued); *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 947 (2d Cir. 1983) ("While our control over our judgment continues until our mandate issues, nothing precludes the district court from considering injunctive relief pending issuance of our mandate.").

2.      Gannett's undeveloped suggestion that this Court does not "reacquire jurisdiction for further proceedings" until the mandate issues misunderstands that rule, which exists to avoid the possibility of inconsistent rulings on the same issue. *Cf. Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (the notice of appeal "confers jurisdiction on

the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*") (emphasis added); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) (Easterbrook, J.) ("Only one court at a time has jurisdiction *over a subject*.") This rule "avoid[s] the confusion of placing the same matter before two courts at the same time and preserve[s] the integrity of the appellate process." *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (B.A.P 1st Cir. 2007). There is no danger that a status hearing will result in inconsistent rulings on any subject encompassed by the mandate.

3.      Instead, Gannett argues only that holding a status hearing "is likely not an efficient use of the court's resources." (Dkt. 38, ¶ 6.) Gannett does not even purport to explain that assertion except to say that it will be petitioning for rehearing en banc. (Dkt. 38, ¶ 3.) Rehearing en banc is an extraordinary procedure, occurring in less than 1% of all cases. Gannett does not, and realistically cannot, contend that en banc rehearing is a likely outcome. Waiting for that remote possibility to occur before picking up where the litigation left off prior to appeal is inefficient. The parties and this Court should not wait to convene a status hearing to discuss discovery completion deadlines and deadlines for briefing on class certification.

4.      Finally, Yershov does not believe that the presence of lead counsel for Gannett is required at the status hearing to discuss routine scheduling matters, but nevertheless, his counsel will make themselves available on June 16, 2016 should the Court be inclined to continue the conference until then. (*See* Dkt. 38.)

WHEREFORE, Plaintiff Yershov respectfully requests that Gannett's Motion to Continue the Status Conference be denied, or in the alternative, that the Status be rescheduled for the June 16th date proposed by Gannett.

Respectfully submitted,

**ALEXANDER YERSHOV**, individually and on behalf of all others similarly situated,

Dated: May 12, 2016                    By:  /s/ Benjamin H. Richman
                                              One of Plaintiff's Attorneys

Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
J. Dominick Larry (*pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Erica C. Mirabella (#676750)
erica@mirabellallc.com
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617.580.8270
Fax: 617.583.1905

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on May 12, 2016.

/s/ Benjamin H. Richman