**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER YERSHOV, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-13112-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a USA TODAY, a Delaware corporation, | |
| Defendant. | |

## ANSWER OF GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a USA TODAY TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Gannett Satellite Information Network, Inc. d/b/a USA TODAY ("Gannett"), by and through its undersigned attorneys ZwillGen PLLC and Nutter McClennen & Fish, hereby answers each of the numbered paragraphs of the Class Action Complaint and Demand for Jury Trial, dated July 24, 2014 (the "Complaint"), and asserts its affirmative and other defenses thereto. Except as otherwise expressly set forth below, Gannett denies each and every allegation contained in the Complaint, including without limitation the headings and subheadings contained in the Complaint, and specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable loss for which Gannett is responsible.

No answer is required to the introductory material included in the unnumbered paragraph on page 1 of the Complaint because it contains a generalized characterization of Plaintiff's own action. To the extent any response is required, Gannett denies the allegations of the paragraph, except admits that Plaintiff purports to bring an action against Gannett.

Subject to the foregoing, Gannett answers the Complaint as follows:

1

## NATURE OF THE ACTION

1.      Admits that Gannett is a media company that provides news and information through different mediums, and that its offerings include the newspaper and mobile software application set forth in Paragraph 1.

2.      The allegations contained in Paragraph 2 state legal conclusions to which no response is required.  To the extent any response is required, Gannett denies the allegations in Paragraph 2, except refers to the statute referenced in the paragraph for its contents.

3.      The allegations contained in the first sentence of Paragraph 3 state legal conclusions to which no response is required.  To the extent any response is required, Gannett denies the allegations in the first sentence of Paragraph 3.  Gannett denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4.  Gannett denies the allegations in the second sentence of Paragraph 4.  The third sentence of Paragraph 4 is Plaintiff's characterization of his own action to which no response is required. To the extent any response is required, Gannett denies the allegations in the third sentence of Paragraph 4.

## PARTIES

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      Admits that Gannett Satellite Information Network, Inc. is a Delaware corporation with its principal place of business at 7950 Jones Branch Drive, McLean, Virginia 22108, is registered to conduct business with the Secretary of the Commonwealth of Massachusetts as

entity number 061032273, and that it conducts business in this District, the Commonwealth of

Massachusetts, and other parts of the United States.

## JURISDICTION AND VENUE

7.     The allegations in Paragraph 7 state legal conclusions to which no response is

required.  To the extent a response is required, Gannett admits that it does business in this

District as alleged in Paragraph 7, but denies that Gannett engaged in unlawful conduct in this

District.

8.     The allegations contained in Paragraph 8 state legal conclusions to which no

response is required.  To the extent a response is required, Gannett admits that it does business in

this District, denies knowledge and information sufficient to form a belief as to where Plaintiff

resides, and denies the remaining allegations contained in Paragraph 8.

## FACTUAL BACKGROUND

**I.     USA Today Programmed its App to Transmit Users' PII, Including Video
Viewing Activity, to a Third Party Analytics Company Without Their Consent.**

9.     Admits that the USA TODAY App is a mobile software application that allows

consumers to access news and information content on their Android mobile devices.

10.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations in the first sentence of Paragraph 10.  Admits that the remaining allegations in

Paragraph 10 depict what a user might have seen the first time he or she opened the USA

TODAY App on an Android mobile device during the period when Plaintiff claims to have first

downloaded the App.

11.     Denies the allegations in Paragraph 11.

A.     The USA Today App sends its users' video viewing activity and uniquely identifying PII
to third-party data analytics company Adobe.

3

12.     Admits that the USA TODAY App is organized into categories and that users can browse such categories to view news and information articles or video clips.

13.     Denies the allegations contained in Paragraph 13 and refers the Court to the documents cited therein for a complete and accurate statement of their contents.

## II.     Data Analytics Companies Rely on Unique Identifiers Associated with Mobile Devices to Create Digital Dossiers on Consumers and Their Online Behaviors.

14.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

18.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

A.   Adobe and other data analytics companies maintain massive digital dossiers on consumers.

19.     Denies the allegations contained in Paragraph 19, except admits that Gannett contracted with Adobe for Adobe to provide Gannett with certain analytics services in connection with the USA TODAY App.

20.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Denies the allegations contained in Paragraph 22.

23.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

25.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

26.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

27.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

28.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

29.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

B. <u>The President and Congress are responding to growing privacy concerns over the collection and misuse of personal information in the digital marketplace.</u>

30.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

31.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

32.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

33.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

34.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

35.    Denies the allegations contained in Paragraph 35.

**III.    The VPPA's Importance in the Digital Age.**

36.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

37.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

38.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

**IV.     Plaintiff Yershov's Experience with the USA Today App.**

39.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Denies the allegations contained in Paragraph 40.

41.     Denies the allegations contained in Paragraph 41.

42.     Denies the allegations contained in Paragraph 42.

**CLASS ALLEGATIONS**

43.     The allegations contained in Paragraph 43 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett admits Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in Paragraph 43 but denies this action meets class certification requirements.

44.     The allegations contained in Paragraph 44 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

45.     The allegations contained in Paragraph 45 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

46.     The allegations contained in Paragraph 46 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

47.     The allegations contained in Paragraph 47 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

48.     The allegations contained in Paragraph 48 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

49.     The allegations contained in Paragraph 49 state legal conclusions to which no response is required.  To the extent that a response is required, Gannett denies this action meets class certification requirements.

50.     The allegations contained in Paragraph 50 state legal conclusions to which no response is required.

## FIRST CAUSE OF ACTION

**Violation of the Video Privacy Protection Act**
**(18 U.S.C. § 2710)**
**(On behalf of Plaintiff and the Class)**

51.     Gannett incorporates its responses to Paragraphs 1-50 as if fully set forth herein.

52.     The allegations contained in Paragraph 52 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 52.

53.     The allegations contained in Paragraph 53 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 53.

54.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     The allegations contained in Paragraph 55 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 55.

56.     The allegations contained in Paragraph 56 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 56.

57.     The allegations contained in Paragraph 57 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 57.

58.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 58 and refers the Court to the document cited therein for a complete and accurate statement of its contents.  Gannett denies the allegations in the second sentence of Paragraph 58.

59.     The allegations contained in Paragraph 59 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 59.

60.     Denies the allegations contained in Paragraph 60.

61.     The allegations contained in Paragraph 61 state legal conclusions to which no response is required. To the extent that any response is required, Gannett denies the allegations in Paragraph 61.

62.     The allegations contained in Paragraph 62 state legal conclusions to which no response is required.  To the extent that any response is required, Gannett denies the allegations in Paragraph 62.

No response is required to the remainder of the Complaint, which sets forth Plaintiff's prayer for relief and jury demand.  To the extent that any response is required, Gannett denies the allegations in the remaining paragraphs of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Gannett asserts the following affirmative and other defenses.  In asserting these defenses, Gannett does not assume the burden of proof for any issue as to which applicable law places the burden of proof upon Plaintiff.  Gannett reserves the right to amend its answer to assert any additional defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such defenses.  Gannett further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff and/or others alleged to be members of the putative class lack standing under U.S. Const. art. III, § 2, and/or the VPPA, to assert the claims stated in the Complaint and to seek

some and/or all of the relief requested.

## THIRD DEFENSE

Plaintiff and others alleged to be members of the putative class are not "consumers" as required under the VPPA.  18 U.S.C. § 2710(a)(1).

## FOURTH DEFENSE

Any complained of disclosures were made in the "ordinary course of business."  18 U.S.C. § 2710(a)(2).

## FIFTH DEFENSE

Any information allegedly disclosed by Gannett to Adobe did not constitute "personally identifiable information" under the VPPA.  18 U.S.C. § 2710(a)(3).

## SIXTH DEFENSE

Gannett is not a "video tape service provider" subject to the VPPA's limitations on disclosure.  18 U.S.C. § 2710(a)(4).

## SEVENTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class fail because Gannett did not make any disclosure to Adobe as contemplated by the VPPA.  18 U.S.C. § 2710(b)(1).

## EIGTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class fail because Gannett did not "knowingly" disclose personally identifiable information, as required by the VPPA.  18 U.S.C. § 2710(b)(1).

## NINTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class fail because Adobe would be prohibited under its contract with Gannett from taking the alleged

actions Plaintiff complains of in his Complaint.

## TENTH DEFENSE

The statutory relief Plaintiff and/or others alleged to be members of the putative class

seek in the Complaint is unconstitutionally excessive and violates substantive and procedural due

process.

## ELEVENTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are

barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## TWELFTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are

barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or other equitable

doctrines.

## THIRTEENTH DEFENSE

Plaintiff and/or others alleged to be members of the putative class impliedly and/or

expressly consented to the disclosure of the complained of information.

## FOURTEENTH DEFENSE

Plaintiff and/or others alleged to be members of the putative class have not incurred any

actual damage or injury to justify relief.

## FIFTEENTH DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred

in whole or in part because, to the extent Plaintiff and/or others alleged to be members of the

putative class incurred any injury or damage, which Gannett denies, any such injury or damage

was caused and brought about by the acts, conduct or omissions of individuals and/or entities other

than Gannett and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### SIXTEENTH DEFENSE

This action cannot properly be brought as a class action and the requirements of Fed. R. Civ. P. 23 for certification of a class are not, and cannot be, met in this action.

### PRAYER FOR RELIEF

WHEREFORE, Gannett prays for judgment as follows:

1. Dismissal with prejudice of Plaintiff's claims, and entry of judgment in Gannett's favor and against Plaintiff on his Complaint; and

2. For such other and further relief as this Court deems just and proper, including, but not limited to

> (i)     denial of class certification;
>
> (ii)    denial of all relief requested by Plaintiff;
>
> (iii)   costs and reasonable attorneys' fees incurred by Gannett in defending this action, plus interest on any sums awarded thereunder; and
>
> (iv)    all further relief to which Gannett may be entitled in law or in equity.

Dated:  September 16, 2016

By: /s/ Jeffrey Landis

Marc Zwillinger (admitted *pro hac vice*)
Jeffrey Landis (admitted *pro hac vice*)
Nick Jackson
ZWILLGEN PLLC
1900 M. St. N.W., Ste. 250
Washington, DC 20036
Tel: 202.296-3585
Fax: 202-706-5298

Heather B. Repicky (BBO # 663347)
NUTTER MCCLENNEN & FISH

13

Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: 617.439.2684
Fax:  617.310.9684

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 16, 2016.

/s/ Jeffrey Landis