UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER YERSHOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a USA TODAY, a Delaware corporation,<br><br>Defendant. | Case No. 1:14-cv-13112-FDS<br><br>Hon. F. Dennis Saylor IV |

**PLAINTIFF'S MOTION FOR *FINAL* EXTENSION OF DISCOVERY CUTOFF TO COMPLETE OUTSTANDING DISCOVERY**

Plaintiff Alexander Yershov ("Plaintiff"), by and through his undersigned counsel, hereby respectfully moves the Court to extend the current deadlines for the close of fact discovery and dispositive motions by sixty (60) days—or such other period as the Court deems appropriate—and to reset the status hearing currently scheduled for February 15, 2017 until after the close of fact discovery. In support of the instant motion, Plaintiff states as follows:

1.  On July 29, 2016, the Court entered a Scheduling Order setting January 13, 2017 as the close of fact discovery. (Dkt. 53.) The Order also set the deadline for dispositive motions as February 17, 2017. (*Id.*) Consistent with the Scheduling Order, Plaintiff and Defendant Gannett Satellite Information Network, Inc. ("Gannett") each propounded and responded to written discovery requests, and met and conferred on a number of discovery-related issues. The Parties also indicated that they would each seek to take certain depositions.

2.  On October 6, 2016, Plaintiff subpoenaed third-party Adobe Systems Inc. ("Adobe") for certain information it possessed related to Plaintiff's Android ID that would be

1

important for purposes of supporting his claims and meeting Gannett's defenses.

3.     On November 7, 2016, Adobe responded with objections to Plaintiff's subpoena. To address the objections, counsel for Plaintiff and Adobe met and conferred on November 17, 2016, during which they agreed to a process by which Adobe would perform a more limited search of the requested data. Counsel for Plaintiff and Adobe continued to communicate thereafter regarding the proper search parameters for the information requested.

4.     Given the unexpected amount of time that it was taking to receive a substantive response from Adobe, and the fact that they would still need to take depositions following production of that information, the Parties conferred about requesting an extension of the fact discovery cutoff and ultimately agreed it would be prudent to do so. Thus, on December 9, 2016, they filed a joint motion for extension of time to complete fact discovery to allow time for Adobe to provide a substantive response to the outstanding subpoena, and to schedule and complete depositions. (Dkt. 64.)

5.     On December 13, 2016, the Court granted the Parties' motion, in part, extending the fact discovery deadline until February 10, 2017 and the dispositive motion deadline to March 17, 2017. (Dkts. 65, 66.)

6.     Following the Court's December 13th Order, and upon continued conversations with counsel for Adobe regarding the subpoenaed information and further investigation related thereto, it became necessary for Plaintiff to also issue a subpoena to third-party Google Inc. ("Google"). Plaintiff issued a subpoena to Google on January 17, 2017.

7.     After receiving Google's subpoena response on January 25, 2017, Plaintiff's counsel contacted counsel for Adobe on January 26, 2017 to initiate the process of Adobe re-running its search. Plaintiff's counsel is now in the process of coordinating with Adobe to receive

the subpoenaed information, including by ensuring that Adobe is utilizing the proper search parameters for the requested information.

8. As the third-party discovery process has played out, counsel for the Parties have remained in communication—both telephonically and by written correspondence—about the status of that discovery and how it might affect any remaining discovery between them, particularly the depositions that remain to be taken by both sides.

9. In light of those communications and the status of third-party discovery, the Parties held off seeking depositions so as to receive any additional information from Adobe, to allow for the time to supplement any previous discovery responses accordingly, and to avoid the need to take multiple, piecemeal depositions of any individuals without complete information. Most recently and given the upcoming close of fact discovery, counsel for Plaintiff reached out to Gannett again on February 1, 2017 to discuss moving for an extension of the February 10, 2017 discovery cutoff.

10. On February 2nd, Gannett responded and for the first time stated that it would oppose any such request, and sent deposition notices for Plaintiff (to be deposed on February 8, 2017) and a person qualified to testify regarding some of Plaintiff's previous document production (to be deposed on February 10, 2017). And when counsel for Plaintiff indicated that Plaintiff was not available for his deposition on the noticed date, but that he could be available any day the following week, Gannett refused to stipulate to extend the discovery cutoff in any respect, even if only to accommodate Plaintiff's deposition the following week. (Notably, Gannett's second set of written discovery requests remain pending, with responses due—based on their January 11th service date—on the date of the current cutoff. The subject matter of some of those requests is also identical to the issues for which Gannett seeks a separate deposition also

3

on the 10th.)

11.     Gannett's sudden shift in position was surprising given the Parties' previous communication on these issues and their ability to otherwise work cooperatively on such matters. To be fair, Gannett later relented somewhat, generally agreeing to seek a continuance of the discovery cutoff to accommodate Plaintiff's deposition the week of February 13th, but for no other purpose, and insisted that Plaintiff would have to appear on either February 8th, 9th or 10th for a deposition if for any reason the Court did not extend the discovery cutoff before then.[1]

12.     Proceeding in that way, however, is not only a marked change from the Parties' previous ability to work through discovery issues cooperatively, but also an inefficient and impractical way to proceed. Indeed, it would mean that certain, material discovery would remain outstanding as depositions proceeded—namely, information regarding what specific data was transmitted by Gannett to Adobe and thereafter stored in its servers. It also neglects to account for the fact that Gannett itself recently served additional written discovery requests that will not be answered until the current discovery cutoff date. Thus, there would be no time whatsoever for the Parties to confer about any issues raised by the responses either.[2]

13.     From an even more practical perspective, this approach would also mean, for example, that the Parties—really, Gannett—are likely to seek to re-open discovery later, or at least, to re-depose certain individuals after complete written discovery becomes available to them. Indeed, Gannett has expressly reserved the right to do so. Not to mention, the

---

[1]     That would also mean, as Gannett demanded, that an individual would have to be produced either February 8th, 9th or 10th to testify regarding certain of Plaintiff's previous document production—i.e., the same issues that are the subject of currently pending written discovery requests served by Gannett.

[2]     Gannett has committed not to seek to depose Plaintiff on any of the information sought in those requests, but nevertheless has maintained that it may seek to re-depose Plaintiff on other information later learned in discovery.

4

impracticality of having attorneys and parties for both sides on standby to travel and proceed for depositions in other cities on numerous dates.

14. By contrast, a limited *and final* extension of the discovery cutoff would allow, *inter alia*, (i) the Parties to obtain any and all additional information to be produced by Adobe—again, Plaintiff has consistently, even as of today, been in contact with Adobe to do so, (ii) Plaintiff to serve his responses to Gannett's latest written discovery, (iii) the Parties to confer regarding any issues raised by those responses, and (iv) to take any necessary depositions with that complete information in-hand, rather than re-opening discovery or depositions later.

15. These are exactly the circumstances under which an extension of discovery is warranted. Indeed, Fed. R. Civ. P. 16(b) expressly allows the Court to "extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *See MAZ Partners LP v. Shear*, No. 11-cv-11049, 2016 WL 4925781, at *2 (D. Mass. Sept. 15, 2016) (quoting Fed. R. Civ. P. 16(b)) (granting plaintiff's motion to reopen discovery for a limited purpose and recognizing that "one cannot fault plaintiff for any delay" when information was later disclosed that prompted further discovery.) Plaintiff diligently pursued third party discovery from Adobe and could not have known that obtaining the requested information would cause such a delay in the discovery process. Plaintiff should not be faulted for that delay—especially given the diligent, good-faith efforts made to complete discovery to date.

16. Finally, Plaintiff recognizes that the Court has been exceedingly patient and accommodating thus far, allowing for a previous continuance of the discovery cutoff. For that reason, Plaintiff does not seek the requested extension lightly and reiterates that an additional *and final* sixty (60) days will allow sufficient time to complete all outstanding written discovery

and to take any necessary depositions prior to briefing on dispositive motions.

WHEREFORE, Plaintiff Alexander Yershov respectfully requests that the Court (i) extend the close of fact discovery through and including April 11, 2017, (ii) extend the deadline for dispositive motions through and including May 16, 2017, (iii) reset the status hearing currently scheduled for February 15, 2017 for a date after the close of discovery that is convenient for the Court, and (iv) grant such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

**ALEXANDER YERSHOV**, individually and on behalf of all others similarly situated,

Dated: February 6, 2017                By: /s/ Sydney M. Janzen
                                            One of Plaintiff's Attorneys

Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
Sydney M. Janzen (*pro hac vice*)
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

Erica C. Mirabella (#676750)
erica@mirabellallc.com
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617.580.8270
Fax: 617.583.1905

## **CERTIFICATION**

The undersigned hereby certifies that, pursuant to Local Rules 7.1(a)(2), 26.2(c) and 37.1(b), prior to filing the instant motion, Plaintiff's counsel conferred in good faith with counsel for the Defendant regarding the relief requested herein. Notwithstanding, the Parties were unable to reach an agreement as to the same.

/s/ Sydney M. Janzen

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2017.

                                                /s/ Sydney M. Janzen

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER YERSHOV, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a USA TODAY, a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. 1:14-cv-13112-FDS<br><br>Hon. F. Dennis Saylor IV |

This matter coming before the Court on Plaintiff's Motion for Final Extension of Discovery,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The deadline for the close of fact discovery shall be extended to and through April 11, 2017; and

2. The deadline for filing of dispositive motions shall be extended to and through May 16, 2017.

3. The status hearing currently scheduled for February 15, 2017 shall be reset for a date after the close of fact discovery on a date convenient for the Court.

**IT IS SO ORDERED.**

Entered: _____　　　　_____
　　　　　　　　　　　　　　　　THE HONORABLE F. DENNIS SAYLOR IV
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE